FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN -7  P 12: 01

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ATWOOD NEWTON, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No.: GJH-15-780 |
| COMCAST OF MARYLAND, LLC, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Atwood Newton and Linda Newton (collectively, "Plaintiffs") initiated the present action in the Circuit Court for Prince George's County, Maryland ("Maryland Circuit Court") alleging various causes of action stemming from their allegation that an individual referred to as "Defendant Technician Gaskins" ("Gaskins") negligently broke a water pipe in Plaintiff's home while installing cable and internet services. *See* ECF No. 2. Plaintiffs alleged that Gaskins was working under the employ of Defendants Comcast Cable of Maryland, LLC ("Comcast Cable"), the Comcast Network, LLC ("Comcast Network"), and/or Comcast of Maryland, LLC ("Comcast of Maryland"). *Id.* at ¶ 2. On March 9, 2015, the Parties filed a joint stipulation of dismissal as to Defendants Gaskins, Comcast Cable, and Comcast Network, leaving Comcast of Maryland as the only remaining Defendant in the case. *See* ECF No. 15. On March 17, 2015, Comcast of Maryland removed the case to this Court on the basis of diversity of citizenship. *See* ECF No. 1; 28 U.S.C. § 1441. Presently before the Court is Plaintiffs' Motion to Remand, or, In the Alternative, to Join a Non-Diverse Party, or, In the Alternative, for Other Appropriate Relief. ECF No. 28. Comcast of Maryland opposes the Motion. ECF No. 29. Having fully considered

the Parties' submissions, the Court deems a hearing unnecessary, *see* Loc. R. 105.6 (D. Md.), and for the reasons that follow, denies Plaintiffs' Motion to Remand.

## I. BACKGROUND

According to the Amended Complaint, on October 23, 2011, one day after Plaintiffs moved into their new home in Prince George's County, Maryland, an agent of Comcast Cable, Comcast Network, and/or Comcast of Maryland, referred to in the Complaint as "Defendant Technician Gaskins," arrived at Plaintiffs' home to install cable and internet services. ECF No. 8 at ¶¶ 2, 6–7. While completing the installation in Plaintiffs' attic, Gaskins stepped on a water pipe which caused water to flood Plaintiffs' home, resulting in severe damage to the home and causing it to be condemned. *Id.* at ¶¶ 8–9. Plaintiffs initiated the instant lawsuit in July 2014 to recover damages caused by this incident, ECF No. 2, and filed an Amended Complaint on September 15, 2014, alleging separate counts of negligence, respondeat superior, negligent retention, negligent training and supervision, and breach of contract. ECF No. 8 at ¶¶ 15–38. In the Amended Complaint, Plaintiffs also allege that they are residents of Prince George's County, Maryland, and that Comcast Cable, Comcast Network, and Comcast of Maryland are all "Maryland entities that have offices in, and/or regularly conduct business in Prince George's County, Maryland" and are "routinely engaged in the business of providing cable television, internet, and other related services . . . to homes and businesses in Prince George's County, Maryland." *Id.* at ¶¶ 1, 4.

On September 5, 2014, with the case still pending in Maryland Circuit Court, Plaintiffs served interrogatories, a request for production of documents, and a request for admission of facts on the Defendants. ECF No. 6. One of Plaintiffs' interrogatories asked that Defendants "identify any Comcast employee or independent contractor sent to service Plaintiffs' residence

on [October 23, 2011]." *Id.* at 3. On October 7, 2014, Comcast of Maryland responded only to Plaintiffs' request for admission of facts. ECF No. 9. Hearing no response to Plaintiffs' other discovery requests, Plaintiffs filed a Motion to Compel discovery on February 20, 2015. ECF No. 13.

While Plaintiffs' Motion was pending before the Maryland Circuit Court, on March 9, 2015, the Parties entered a joint stipulation of partial dismissal with prejudice as to Comcast Cable, Comcast Network, and Gaskins, leaving Comcast of Maryland as the only remaining defendant in the lawsuit. ECF No. 15. With respect to Gaskins, Plaintiffs agreed to dismiss him from the suit after Comcast of Maryland agreed to stipulate that he was acting as a Comcast employee on the date of the incident. ECF No. 29-4. On March 16, 2015, Comcast of Maryland filed its opposition to Plaintiffs' Motion to Compel, indicating that "it is likely that [Comcast of Maryland] may stipulate to responsibility, but not damages, for the incident alleged in Plaintiffs' [Amended] Complaint" which would "obviate the need for much of the discovery propounded for Comcast . . . ." ECF No. 14 at ¶¶ 10–11. The following day, however, Comcast removed the case to this Court pursuant to 28 U.S.C. §§ 1332 & 1441. ECF No. 1.

In the Notice of Removal, Comcast of Maryland indicated that Comcast Cable, Comcast Network, and Gaskins were "not the correct party defendants who provided cable services at the subject location at the relevant time and could not possibly be liable for any damages claimed by Plaintiffs," which is why these parties were dismissed from the suit. *Id.* at ¶ 1. Removal could not occur earlier because the stipulation of dismissal "was the first pleading or paper received by Comcast of Maryland . . . from which it could first ascertain" that the case was removable. *Id.* Comcast of Maryland further indicated that it is a limited liability company ("LLC") formed

under Colorado law and with its principle place of business in Philadelphia, Pennsylvania. *Id.* at

¶ 2. With respect to its principle place of business, Comcast of Maryland alleged:

> [Comcast of Maryland's] sole member, Jones Cable Holdings, LLC is a business formed under the laws of Colorado, with a principle office located [in] . . . Wilmington, Delaware . . . . Comcast Cable Communications, LLC is the sole member of Jones Cable Holdings, LLC, and is a business formed under the laws of Delaware, with a principal office located [in] . . . Wilmington, Delaware . . . . Comcast Holdings Corporation is the sole member of Comcast Cable Communications, LLC, and is a business formed under the laws of Pennsylvania, with a principle office located [in] . . . Philadelphia, Pennsylvania . . . . All of Comcast Holdings Corporation's officers and directors are located in Philadelphia, Pennsylvania, which is also where the day-to-day decision making for Comcast Holdings Corporation takes place.

*Id.* at ¶ 7. Comcast of Maryland attached exhibits to the Notice of Removal showing these various levels of ownership. ECF Nos. 16–19.[1] Thus, Comcast of Maryland alleged that removal was proper based on complete diversity of citizenship. ECF No. 1 at ¶ 7.

## II. DISCUSSION

Plaintiffs contend that, by delaying its responses to Plaintiffs' discovery requests, Comcast of Maryland engaged in "gamesmanship" designed to remove this case to federal court. ECF No. 28-1 at 6. Specifically, they note that the first time that it was revealed that Comcast of Maryland was not a Maryland resident was in the Notice of Removal, and similarly, that only after removal did Plaintiffs learn that Gaskins was a Maryland resident. *Id.* at 2. Thus, Plaintiffs were not aware that by agreeing to the dismissal of Gaskins in favor of pursuing their claim solely against Comcast of Maryland, they were creating complete diversity. Given this context, Plaintiffs first argue that Comcast of Maryland has not satisfied its burden of showing that this Court has jurisdiction, but that, if the Court determines that it may properly exercise diversity jurisdiction as the parties currently stand, the Court should permit Plaintiffs to amend their

---

[1] Although the exhibits were docketed separately upon removal, it is apparent that ECF Nos. 16–19 are the exhibits referred to in Comcast of Maryland's Notice of Removal, ECF No. 1 at ¶ 7.

Complaint to bring Gaskins back into the suit so as to destroy complete diversity.[2] *Id.* at 5–6. Comcast of Maryland disputes each of these arguments, ECF No. 29 at 4–17, which the Court will address in turn.

### A. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." "With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996)). When a plaintiff files such an action in state court, the action "may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is proper over any action that a plaintiff could have filed in federal court. *See id.* A defendant must remove an action initially filed in state court "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), and, in any event, no later than one year after the commencement of the action if the basis of removal jurisdiction is diversity, 28 U.S.C. § 1446(c)(1).

---

[2] Plaintiffs also argue that if the case is not remanded, then the Court should not allow Comcast of Maryland to propound any discovery on Plaintiffs and should compel response to Plaintiffs' outstanding discovery. ECF No. 28-1 at 8. The Court is aware of Plaintiffs' pending Motion to Compel Discovery, which was pending before the Maryland Circuit Court when the case was removed, ECF No. 13, and will resolve it and any other pending issues after a conference call with the Parties.

When the Court's jurisdiction is challenged after removal, "'[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper. But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). A removing defendant, in other words, has the burden of establishing "the citizenship of each real party in interest . . . by a preponderance of the evidence." *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 616 (4th Cir. 2004), *rev'd on other grounds*, 546 U.S. 81, 126 S. Ct. 606 (2005).

The citizenship of a corporation is determined by its state of incorporation and the state in which it has its principle place of business, *i.e.*, its "nerve center." *See* 28 U.S.C. § 1332(c)(2); *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181 (2010) (defining "principal place of business" as the corporation's "nerve center" which "in practice . . . should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . ."). The citizenship of an LLC, however, "is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co.*, 636 F.3d at 103; *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 . . . . It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." (citation omitted)).

Here, Plaintiffs do not contest that they are citizens of Maryland. They argue, however, that Comcast of Maryland has not met its burden of establishing that it is *not* a citizen of Maryland. To the contrary, however, in its Notice of Removal, and again in opposition to Plaintiffs' Motion to Remand, Comcast of Maryland, an LLC, traces its ownership through each

layer of membership. *See Forrest v. Green Tree Servicing, LLC*, No. CIV.A. ELH-13-1525, 2013 WL 3270447, at *4 (D. Md. June 25, 2013) (noting that "[e]very federal appellate court to have addressed the issue has held that [t]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." (citations omitted)). Attached to its Notice of Removal, Comcast of Maryland submitted evidence that it is an LLC whose sole member is another LLC, whose sole member is yet another LLC, whose sole member is Comcast Holdings Corporation, a company incorporated under the laws of Pennsylvania and whose principle place of business is in Philadelphia, Pennsylvania. *See* ECF Nos. 16–19, 29-1. Moreover, Comcast of Maryland attached to its opposition to Plaintiffs' Motion for Remand the affidavit of Derek H. Squire, the Vice President and Senior Deputy General Counsel of Comcast Corporation, who declared that Philadelphia, Pennsylvania is not only the location of Comcast Holding Corporation's "corporate headquarters" but also "where the day-to-day decision making" for the corporation takes place. This evidence meets the preponderance of the evidence threshold necessary to establish that Comcast of Maryland is not a resident of Maryland. Because there is complete diversity, this Court may properly exercise diversity jurisdiction over this suit.

### B. Leave to Amend the Complaint to Add a Party

In a second effort to defeat diversity jurisdiction, Plaintiffs next argue that they should be permitted to amend their Complaint to add Gaskins as a party, despite the Parties' stipulation of dismissal with prejudice.

"[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by [Federal Rule of Civil Procedure] 15(a) and also the more specific joinder provisions of [Federal Rule of Civil Procedure] 20(a)." *Hinson v. Norwest Fin. S.C. Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Under

Rule 20(a), a plaintiff is permitted to join multiple defendants in the same action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence . . . ; and . . . any question of law or fact common to all defendants will arise in the action." Moreover, 28 U.S.C. § 1447(e) provides that a district court may, after removal, permit joinder of additional defendants even if joinder would destroy diversity jurisdiction. *See Wash. Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.*, 917 F.2d 834, 835 (4th Cir. 1990) (dismissing appeal where district court remanded case to state court after permitting amendment of complaint to add non-diverse defendant). Under Rule 15(a)(2), however, if a plaintiff has already once amended its complaint, a subsequent amendment is only permitted "with the opposing party's written consent or the court's leave," although "[t]he court should freely give leave when justice so requires." In other words, amendment should be permitted in this case unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014).

Here, allowing Plaintiffs to amend the Complaint in an effort to bring Gaskins back into the case would be futile in the truest sense of the word. After having already stipulated to the dismissal of Gaskins from the suit with prejudice, Plaintiffs may not now reassert their claims against him. Indeed, a dismissal with prejudice, regardless of the reason it is entered, operates as a final judgment against a party. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S. Ct. 1021 (2001) (noting that the phrase "'[w]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits'" (citation omitted)); *Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir. 1991) ("A voluntary dismissal with prejudice . . . is a complete adjudication on the merits of the dismissed claim."); *Claibourne v. Willis*, 702 A.2d

293, 297 (Md. 1997) ("When the stipulation is made with prejudice, the voluntary dismissal has the same res judicata effect as a final adjudication on the merits favorable to the defendant."). Although Plaintiffs contend that Federal Rule of Civil Procedure 41(a) "mandates" that the first voluntary dismissal against a party is without prejudice, Plaintiffs ignore the plain language of that rule, which provides: "*Unless the notice or stipulation states otherwise*, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Here, the stipulation of dismissal clearly stated that the dismissal was with prejudice. ECF No. 15. Plaintiffs cannot now ignore the preclusive effect of that decision.[3]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, or, In the Alternative, to Join a Non-Diverse Party, or, In the Alternative, for Other Appropriate Relief, ECF No. 28, is **DENIED**. A separate Order follows.

Dated: January 7, 2016

GEORGE J. HAZEL
United States District Judge

---

[3] *Murray v. State Farm Fire & Casualty Co.*, 870 F. Supp. 123 (S.D. W. Va. 1994), on which Plaintiffs rely as supporting their claim that they may add Gaskins as a party, is inapposite. Although the court permitted the addition of a party post-removal that defeated diversity jurisdiction, that party had not previously been dismissed from the suit with prejudice.